IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.   CIVIL ACTION NO. 3:08CV766TSL
      CRIMINAL NO. 3:04cr109TSL

LEWIS RANSBURG

ORDER

This cause is before the court on the motion of defendant Lewis Ransburg for relief pursuant to 28 U.S.C. § 2255. The government opposes the motion, and the court, having considered the parties' submissions concludes that it is not well taken and should be denied.

On March 22, 2005, Ransburg was sentenced to serve 360 months for violation of 21 U.S.C. § 841(B). Although counsel for defendant timely filed a notice of appeal, the Fifth Circuit dismissed the appeal on April 4, 2006, on account of defendant's failure to prosecute. On March 5, 2008, defendant filed a pro se motion for retroactive application of the sentencing guidelines pursuant to 18 U.S.C. § 3582(c) and on August 1, 2008 the Federal Public Defender filed a motion on Ransburg's behalf seeking the same relief. On August 13, 2008, the court granted counsel's motion and reduced defendant's sentence to 292 months. On December 10, 2008, defendant filed his first motion for relief pursuant to § 2255.

Under § 2255, a one-year limitation period runs from the

"date on which the judgment of conviction became final." Here, Ransburg's conviction became final on July 16, 2006, ninety days after his appeal was dismissed. See United States v. Gamble 208 F.3d 536 (5th Cir. 2000)(concluding that where defendant seeks appellate review, conviction becomes final upon the expiration of defendant's time for filing a timely petition for certiorari (ninety days)). Because Ransburg's § 2255 motion was due to be filed by mid-July 2007, and was not filed, via the mailbox rule, until December 10, 2008, it is clearly untimely and subject to dismissal. In reaching the foregoing conclusion, the court rejects defendant's argument that the filing of the August 13, 2008 order reducing his sentence restarted the limitations clock so as to make his filing timely. See United States v. Sanders, 247 F.3d 139, 143 (4th Cir. 2001) (finding that a later modification to a sentence does not affect the date on which the judgment of conviction became final).

Based on the foregoing, it is ordered that defendant's motion for relief pursuant to § 2255 is denied.

SO ORDERED, this the 8th day of January, 2009.

/s/Tom s. Lee
UNITED STATES DISTRICT JUDGE